HARBOUR-LONGMIRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22594.   Promulgated November 9, 1929.

*Charles H. Garnett, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner contends that during the years 1922 and 1923 it was affiliated with the Harbour-Longmire Co. of Enid. The same contention was presented with respect to the year 1921 in

*Harbour-Longmire Co.*, 7 B. T. A. 314, where we held that the two corporations were affiliated. The facts presented in the instant proceeding are substantially the same as those in the prior proceeding. If there is any difference, the facts here are generally more favorable to the petitioner's contention. We think the requirements of section 240(c) of the Revenue Act of 1921 have been met and that the corporations were affiliated during the taxable years.

This brings us to the question whether the petitioner and the Enid company may file an amended consolidated return for 1922 and an original consolidated return for 1923. Section 240 (a) of the Revenue Act of 1921 provides:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

We have repeatedly held that affiliated corporations filing separate returns for 1922 may not subsequently file a consolidated return for that year. *Belvidere Lumber Co.*, 6 B. T. A. 84; *Geneva Theaters, Inc.*, 15 B. T. A. 1073; *Radiant Glass Co.*, 16 B. T. A. 610; see, also, *R. Downes, Jr.*, 5 B. T. A. 1029; *Wm. A. Buttolph*, 7 B. T. A. 310; affd., C. C. A., 7th Cir., 29 Fed. (2d) 115; and *Alameda Inv. Co.* v. *McLaughlin*, 28 Fed. (2d) 81.

The petitioner contends, however, that under the provisions of section 240(a), above, affiliated corporations are entitled to an election between the consolidated basis and the separate basis for returning income and that lack of knowledge of the provisions of section 240(a) precludes an election, even though separate returns are filed, for a person can not elect if he has no knowledge of his rights. We are not impressed with petitioner's contention or the citations in support thereof. An "election" as defined in petitioner's brief is not provided for in section 240(a). That section provides: "That corporations which are affiliated * * * may * * * make separate returns or * * * make a consolidated return * * *. If return is made on either of such bases, all returns thereafter made shall be upon the same basis * * *." The petitioner and the Enid company filed separate returns for 1922. They may not later file an amended consolidated return.

The remaining question—whether petitioner and its affiliated company may file a consolidated return for 1923—is answered by the

last sentence of section 240(a), viz, "If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner." It is not alleged that permission to change the basis has ever been sought by these corporations. It follows that income for 1923 should be computed on the basis of separate returns.

Reviewed by the Board.

*Decision will be entered for the respondent.*